**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dristin Johnson, Appellant.

Appellate Case No. 2012-213404

Appeal From Dorchester County
Doyet A. Early III, Circuit Court Judge

Unpublished Opinion No. 2015-UP-129
Heard January 6, 2015 – Filed March 11, 2015

**AFFIRMED**

Jennifer Breaux Howe, of DeMint Howe, P.A., of Greenville, and Chief Appellate Defender Robert M. Dudek, of Columbia, both for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor David Michael Pascoe Jr., of Orangeburg, all for Respondent.

**PER CURIAM:** Appellant Dristin Johnson argues that the black ski mask and gloves found at a co-defendant's house were improperly admitted as evidence because they were not linked to Appellant's alleged participation in the crime. Asserting that this admission was erroneous and prejudicial, Appellant asks this court to reverse his conviction and grant him a new trial. We disagree.

## I. FACTS/BACKGROUND

Carl Chaplin, a co-defendant, testified that he drove Appellant and another co-defendant, Chris Baty,[1] to a place down the road from the site of the burglary. Chaplin testified that Baty and Appellant got out of Chaplin's truck with a shotgun, and allegedly went "to go buy weed."[2] After twenty or twenty-five minutes, Baty and Appellant came running back to Chaplin's truck with the shotgun and other items.

The victim in this case testified that she heard a knock on her door. When she answered the door, two men wearing ski masks, one of whom was wielding a shotgun, burst into the house. The two men tied the victim and her boyfriend up and then burglarized the home. After the men fled the victim's home, victim was able to free herself and then dialed 911.

The police quickly apprehended Baty at his home after the crime because the victim was able to identify Baty, even with a ski mask, based on her familiarity with his presence in the neighborhood and the fact that Baty had a speech impediment. The victim was unable to identify the other masked burglar.

After the police apprehended Baty at his home, they found items taken from the victim's home. A couple of days later, a canine and two officers found a ski mask and gloves behind Baty's home. After testing the inside of the ski mask for DNA evidence, the results returned a positive match for Baty.

---

[1] Chris Baty participated in the burglary with Appellant and was tried separately. Baty did not testify against Appellant.

[2] In a separate trial, Chaplin was convicted of burglary for his participation in the crime. Chaplin testified that on the day of the burglary, he took Baty to Wal-Mart to purchase a box of shotgun shells for the .410 gauge shotgun that Baty previously purchased at a flea market that morning.

Appellant asserts that the ski mask and gloves found behind Baty's residence are not linked to Appellant's participation in the crime, and, therefore, they should have been excluded at trial. We disagree.

## II. LAW/ANALYSIS

Under Rule 401, SCRE, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." While all relevant evidence is generally admissible under Rule 402, SCRE, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, SCRE.

In this case, we believe the ski mask and gloves were relevant and admissible as evidence in Appellant's trial. While Appellant was not positively identified as a match to the ski mask and gloves found at Baty's residence through DNA evidence, testimony from the victim reveals that ski masks and gloves were worn by both burglars during the commission of the crime. Furthermore, during the burglary, the victim immediately recognized Baty because of his speech impediment. Once the police located Baty shortly after the burglary, the ski mask and gloves were then found behind Baty's residence, along with other incriminating evidence, including the victim's stolen driver's license and other items taken from the victim's home. Moreover, because the other co-defendant, Carl Chaplin, testified that Appellant joined Baty in the robbery, the ski mask and gloves were then relevant to corroborate the testimony of the victim, who testified that Baty was one of the two burglars who wore a ski mask and gloves during the commission of the crime. Finally, Karen Parker and Kelsey Parker testified that Appellant, Baty, and Chaplin were all hanging out together at the Parker residence on the day of the burglary. This testimony shows that the three men were not three tenuously-linked suspects, but, rather, were friends who were hanging out on the day of the burglary at the Parker residence before they all left in Chaplin's truck.

Because the ski mask and gloves have a "tendency to make the existence of" Appellant's participation in the robbery with Baty more probable than it would be without the evidence, we believe the evidence was relevant. Rule 403, SCRE. Furthermore, we believe the probative value of the mask and gloves was not outweighed by any danger of unfair prejudice. Accordingly, we believe it was within the trial court's sound discretion to admit the evidence at trial. *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 57–58 (2011) ("The admission or

exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion." (quoting *State v. Williams*, 386 S.C. 503, 509, 690 S.E.2d 62, 65 (2010))); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law." (citation omitted)); *id.* ("To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice." (citation omitted)).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**